Opinion filed May 18, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 18, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00195-CR 

 

                                                    __________

 

                                 JUAN MIGUEL CORTEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29137

 



 

                                                                   O
P I N I O N

 

The jury convicted Juan Miguel Cortez of the
offense of possession with intent to deliver less than one gram of
cocaine.  The jury assessed punishment at
confinement in a state jail facility for two years and a $10,000 fine.  We affirm. 









Appellant presents two points of error for
review.  In the first point, he asserts
that the trial court abused its discretion by permitting the testimony of a
witness who had violated Athe
rule.@  Appellant complains that Detective Robby
Mobley was allowed to testify even though he had violated the witness sequestration
rule by talking to another witness about that witness=s
testimony.  Tex. R. Evid. 614 (the Rule); Tex. Code Crim. Proc. Ann. art. 36.03 (Vernon Supp. 2005),
arts. 36.05, 36.06 (Vernon 1981).  When
the State called Detective Mobley to testify, defense counsel objected that he
had Aheard
this officer talking to [witness Jackie Nolan Kocks] about what [Kocks] had
just testified about.@  Defense counsel requested that Detective
Mobley not be allowed to testify.  The
trial court indicated on the record that the Rule had been invoked but that it
had failed to admonish the witnesses in accordance with the Rule.  The prosecutor had also failed to instruct
the State=s
witnesses not to discuss the case or their testimony.  Because the witnesses had not been
admonished, the trial court refused to exclude Detective Mobley=s testimony but ruled that defense
counsel could cross-examine Detective Mobley about the conversation.  However, neither Detective Mobley nor Kocks
was asked about the conversation. 

We hold that the trial court did not abuse its
discretion by permitting Detective Mobley to testify after violating the
Rule.  See Bell v. State, 938
S.W.2d 35, 50-51 (Tex. Crim. App. 1996). 
The witnesses had not been admonished pursuant to the Rule.  Furthermore, nothing in the record shows that
Detective Mobley was influenced by the conversation with Kocks.  See id.  Appellant=s
first point is overruled.  

In the second point, appellant challenges the factual
sufficiency of the evidence.  In order to
determine if the evidence is factually sufficient to support appellant=s conviction, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak that the verdict is clearly wrong and manifestly unjust or whether
the evidence contrary to the verdict is so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met.  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004); Ross v. State, 133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Cain v. State,
958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996).  








The record shows that Kocks was working with the
narcotics division of the Midland Police Department as a confidential
informant.  Kocks testified about a drug
deal that he made with Alfredo Gonzalez and appellant.  Kocks=s
testimony was corroborated in part by Detective Mobley and by an audio
recording of a telephone conversation between Gonzalez and Kocks.  During that conversation, Kocks told Gonzalez
that he had located a buyer for the cocaine that Gonzalez wanted to sell.  Kocks told Gonzalez that his buyer wanted a
couple of ounces.  Gonzalez told Kocks
that he would take care of it and that appellant would have to set the price
for the cocaine.  The next day, appellant
and Kocks discussed the sale of the cocaine. 
Appellant held up a scale and a baggie containing cocaine.  Appellant showed Kocks that the cocaine
weighed one-fourth of an ounce and said, AI=m going to do this right now, and if
this all goes good, there=ll
be more where this came from.@  Kocks testified that appellant had a second
baggie of cocaine in his other hand. 
Appellant, Gonzalez, and Kocks got in appellant=s
pickup and drove to Kocks=s
house.  Kocks went inside and called
Detective Mobley.  Per Detective Mobley=s instructions, Kocks came back outside
and told appellant and Gonzalez that there was no deal because the buyer was
not satisfied with the amount and wanted more cocaine.  Appellant left angry.  

Shortly thereafter, police conducted a traffic
stop of appellant and Gonzalez.  Inside
appellant=s pickup,
Detective Mobley found a small amount of cocaine scattered on the passenger=s side of the pickup, both on the seat
and the floorboard.  More cocaine was
found in Gonzalez=s cup; it
was dissolving in his drink.  However, a
plastic baggie containing 0.72 grams of cocaine was recovered from the bottom
of the cup.  The total amount of cocaine
recovered from the pickup was 0.78 grams.

Gonzalez testified on behalf of appellant.  At the time of appellant=s trial, Gonzalez had been convicted
and was on probation for possession of the same cocaine at issue in this case.  Gonzalez testified that the cocaine was his
and that it was for his personal use.  He
claimed that appellant knew nothing about the cocaine.

However, the jury, as the trier of fact, was the
sole judge of the credibility of the witnesses and of the weight to be given to
their testimony.  Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979), art.
36.13 (Vernon 1981).  The jury was free
to believe the testimony indicating that appellant, acting as a party or
otherwise, knowingly or intentionally possessed with intent to deliver less
than one gram of cocaine.  








After reviewing all of the evidence in a neutral
light, we hold that the evidence is factually sufficient to support the jury=s verdict.  The evidence supporting guilt is not so weak
that the verdict is clearly wrong and manifestly unjust, nor is the evidence
contrary to the verdict so strong that the beyond-a-reasonable-doubt burden of
proof could not have been met.  Appellant=s second point is overruled.  

The judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 18, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall, J., and Strange, J.